USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 01 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PATRICK COLLINS, INC.,
                           Plaintiff,

                -v-

JOHN DOES 1-6,
                        Defendants.
-----------------------------------------------------------X

12 Civ. 2964 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

On April 13, 2012, Plaintiff filed a complaint against 5 unidentified defendants ("Does 1-5" or "Doe defendants"), alleging that the Doe defendants committed acts of copyright and trademark infringement by downloading and copying Plaintiff's movie, "Performers of the Year." (Compl. ¶ 2, Dkt. No. 1.) The movie at issue contains pornographic material. On April 25, 2012, Plaintiff filed an *ex parte* motion seeking permission to take expedited discovery from third-party Internet Service Providers ("ISPs") to identify the names, physical addresses, telephone numbers, email addresses, and Media Access Control addresses of each unidentified defendant.

The Court concludes that there is good cause to allow some expedited discovery in this case, because, without it, Plaintiff will not be able to ascertain the identities of the Doe defendants or to effect service upon them. Absent a court-ordered subpoena, many of the ISPs, which qualify as "cable operators" for purposes of 47 U.S.C. § 522(5), are effectively prohibited by 47 U.S.C. § 551(c) from disclosing the identities of any of the Doe defendants to Plaintiff. *See Digital Sin, Inc. v. Does 1-176*, No. 12 Civ. 00126 (AJN), 2012 WL 263491, at *2 (S.D.N.Y. Jan. 30, 2012) ("Indeed, in all of the opinions and rulings in similar cases around the country, the

1

Court has found no indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers.").

Nevertheless, the Court believes that Plaintiff's proposed order lacks adequate protections for the Doe defendants and is otherwise inappropriate. (*See* Proposed Order, Dkt. No. 4.) This Court shares the growing concern about unscrupulous tactics used by certain plaintiffs, particularly in the adult films industry, to shake down the owners of specific IP addresses from which copyrighted adult films were allegedly downloaded. *See, e.g., Digital Sins, Inc. v. John Does 1-245*, No. 11 Civ. 8170 (CM), 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012); *In re BitTorrent Adult Film Copyright Infringement Cases*, Nos. 11–3995, 12–1147, 12–1150, 12–1154, 2012 WL 1570765, at *3 (E.D.N.Y. May 1, 2012); *Digital Sin, Inc. v. Does 1-176*, 2012 WL 263491, at *2.

The fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer. *See e.g., In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, at *3 ("[T]he assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time."). Indeed, the true infringer could just as easily be a third party who had access to the internet connection, such as a son or daughter, houseguest, neighbor, or customer of a business offering internet connection. There is real risk that defendants might be falsely identified and forced to defend themselves against unwarranted allegations. In such cases, there is a risk not only of public embarrassment for the misidentified subscriber, but also that the innocent subscriber may be coerced into an unjust settlement with the plaintiff to prevent the public filing of unfounded allegations. The risk of a shake-down is compounded when the

claims involve allegations that a defendant downloaded and distributed sexually explicit material. *See, e.g.*, *Digital Sin, Inc. v. Does 1-176*, 2012 WL 263491, at *3 (finding that approximately 30% of individuals identified by ISPs in cases against John Doe defendants concerning alleged infringement of adult films are not the individuals who downloaded the films at issue); *Digital Sin, Inc. v. John Does 1-179*, No. 11 Civ. 8172 (KBF) (S.D.N.Y. Feb. 1, 2012) (Dkt. No. 7) ("[S]uch discovery creates a cognizable risk that the names produced could include individuals who did not in fact download the copyrighted material."); *Digital Sins, Inc. v. John Does 1-245*, 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012) ("This is particularly important because the nature of the alleged copyright infringement — the downloading of an admittedly pornographic movie — has the potential for forcing coercive settlements, due to the potential for embarrassing the defendants, who face the possibility that plaintiff's thus-far-unsubstantiated and perhaps erroneous allegation will be made public."); *Next Phase Distribution, Inc. v. Does 1-138*, No. 11 Civ. 9706 (KBF), 2012 WL 691830, at *2 (S.D.N.Y. Mar. 1, 2012) (noting "the highly sensitive nature and privacy issues that could be involved with being linked to a pornography film"); *SBO Pictures, Inc. v. Does 1-3036*, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011).

More than one court has observed that Doe defendants, whose telephone numbers have been disclosed, are at particular risk of receiving coercive phone calls threatening public filings that link them to alleged illegal copying and distribution of pornographic films, if a settlement fee is not forthcoming. *See, e.g.*, *Hard Drive Productions, Inc. v. Does 1-59*, No. H–12–0699, 2012 WL 1096117, at *2 (S.D.Tex. Mar. 30, 2012) (ordering that no telephone numbers shall be produced); *Digital Sin, Inc. v. Does 1-176*, 2012 WL 263491, at *3 (noting "that Plaintiff's counsel *appropriately* does not request that the ISPs turn over the John Doe's telephone numbers") (emphasis added). The Court can see no reason why the disclosure of the Doe

3

defendants' telephone numbers is necessary at this stage of the litigation to preserve Plaintiff's copyright interests.

The Court concludes that the proposed order submitted by Plaintiff does not provide adequate safeguards to Does 1-5. Accordingly, it is hereby,

ORDERED that Plaintiff is allowed to conduct immediate discovery on the ISPs listed in Exhibit B to the Declaration of Tobias Fieser (Dkt. No. 6) with a subpoena under Federal Rule of Civil Procedure 45 seeking information sufficient to identify each Doe defendant, including name, current and permanent address, e-mail address, and Media Access Control (MAC) Address. The subpoena shall have a copy of this order attached. Plaintiff's request to subpoena the telephone numbers of the Doe defendants is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall immediately serve a copy of this order on the ISPs listed in Exhibit B and that the ISPs shall serve a copy of this order on Does 1-5. The ISPs may serve Does 1-5 using any reasonable means, including written notice sent to their last known address, transmitted either by first-class mail or via overnight service.

IT IS FURTHER ORDERED that Does 1-5 shall have 60 days from the date of service of this order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. The ISPs may not turn over the Doe defendants' identifying information to Plaintiff before the expiration of this 60-day period. Additionally, if a defendant or ISP files a motion to quash the subpoena, the ISPs may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing the ISPs to resume in turning over the requested discovery.

IT IS FURTHER ORDERED that if that 60-day period lapses without a Doe defendant or ISP contesting the subpoena, the ISPs shall have 10 days to produce the information responsive to the subpoena to Plaintiff.  A Doe defendant or ISP who moves to quash or modify the subpoena, or to proceed anonymously, shall at the same time as his or her filing also notify all ISPs so that the ISPs are on notice not to release any of the Doe defendant's contact information to Plaintiff until the Court rules on any such motions.

IT IS FURTHER ORDERED that each subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely motion to quash.

IT IS FURTHER ORDERED that an ISP that receives a subpoena pursuant to this order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena.  An ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to Plaintiff.

IT IS FURTHER ORDERED that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting its rights as set forth in its complaint.

The Court declines to decide whether permissive joinder is appropriate at this time, but will examine this issue after it has been fully briefed.

SO ORDERED.

Dated: New York, New York
       June 1, 2012

_____
J. PAUL OETKEN
United States District Judge